No. 40,108

State of Kansas, ex rel., Charles F. Forsyth, County Attorney, Neosho County, Kansas, *Plaintiff*, v. The City of Chanute, Kansas, and C. W. Rice, J. D. Lightfoot and Randall L. Diver, Commissioners of the City of Chanute, Kansas, *Defendants*.

(292 P. 2d 687)

Opinion filed January 28, 1956.

*Charles F. Forsyth,* County Attorney, of Erie, argued the cause and was on the briefs for the plaintiff.

*Robert L. Briley,* City Attorney, of Chanute, argued the cause and *Joe F. Balch,* of Chanute, was with him on the briefs for the defendants.

The opinion of the court was delivered by

Smith, J.: This is a quo warranto action brought originally in this court, wherein the state on the relation of the county attorney of Neosho county seeks to oust the city commissioners of Chanute from proceeding under the provisions of Chapter 101, Section 1, Session Laws of 1955, to acquire land for off-street parking facilities.

The county attorney filed a petition. The city commissioners filed their answer. There is an agreed statement of facts and the case is now before us for final decision.

The case arises under the peculiar wording of Chapter 101, Section 1 of the Session Laws of 1955, now G. S. 1955 Supp. 13-1388. This section provides in part as follows:

". . . Any city of the first or second class may, as hereinafter provided, acquire by purchase, lease, gift or condemnation any land or lands in any areas zoned as business, commercial or industrial districts in such city for off-street parking facilities . . ."

Chanute is a city of the second class and does not have a zoning

ordinance as provided in G. S. 1949, 12-707 to 12-715. The city commission had at the time the action was begun passed the resolution as provided for in Section 1 of Chapter 101 of the Session Laws of 1955, and was proceeding pursuant to it. Our sole question is whether the governing body can proceed under that section since none of the land in that city had been zoned as business, commercial or industrial, since the city had no zoning ordinance. Under the provisions of G. S. 1949, 12-707, the governing body has power to divide such city into zones and to restrict the location of trade and industries within the city.

The defendants argue that the words in a statute must be considered in the light of their context and the general purpose of the enactment. They argue that since there is no zoning ordinance whatever in Chanute that business and commercial buildings could be erected anywhere in the city and hence the section in question would apply to any part of the city.

We are unable to follow the defendants in that argument. Cities are creatures of the legislature. They can only exercise the powers expressly conferred by that body. It is only necessary to ask in what cities this section provides the off-street parking land may be acquired. The answer is "in any areas zoned as business, commercial or industrial districts." This is a definite limitation on the power conferred. Actually the fact that Chanute does not have any zoning at all is an argument for the plaintiff's position rather than one for the defendants.

It would seem strange if the legislature desired to safeguard the acquiring of land for off-street parking by providing it could only be acquired in districts zoned for business and commercial purposes, it should enact a statute providing it could be acquired in cities like Chanute in any part of the city. There are many parts of a city like Chanute just as well as in cities that are zoned where citizens would not care to have their land taken for off-street parking.

The city could come under the statute by passing a zoning ordinance. It apparently did not care to do that but saw fit to ask a strained construction of the statute.

We conclude that the judgment must be entered for the plaintiff and the city commissioners ousted from proceeding further.

Judgment for the plaintiff.